UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUL 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA

v.

JERMAINE L. GRIFFIN,

Defendant.

Magistrate No. 07-352
DAR

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

**I. INTRODUCTION**

Defendant is charged with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). A consolidated preliminary and detention hearing, conducted by the undersigned United States Magistrate Judge, commenced on July 16, 2007

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

**II. THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to

United States v. Griffin                                                                                                   2

order pretrial detention.  <u>United States v. Salerno</u>, 481 U.S. 739, 755 (1987); <u>United States v. Simpkins</u>, 826 F.2d 94, 98 (D.C. Cir. 1987); <u>United States v. Perry</u>, 788 F.2d 100, 113 (3d Cir. 1986); <u>United States v. Sazenski</u>, 806 F.2d 846, 848 (8th Cir. 1986).

 Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released.  <u>United States v. Vortis</u>, 785 F.2d 327, 328-29 (D.C. Cir.), <u>cert</u>. <u>denied</u>, 479 U.S. 841 (1986).  The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." <u>United States v. Westbrook</u>, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

 In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release.  18 U.S.C. § 3142(g).

 A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community arises if the judicial officer finds that there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 <u>et seq.</u>,

United States v. Griffin                                                                                                              3

for which a maximum period of incarceration of ten years or more is prescribed.  18 U.S.C. § 3142(e).

### III. DISCUSSION

    The government's sole witness was Officer Sean D'Augostine of the United States Park Police.  Officer D'Augostine testified that he received a call from a reliable confidential informant on the morning of July 10, 2007.  He was informed that a person was driving a silver Tahoe in the 1400 block of Perry Place, N.W., which contained a large amount of crack cocaine, and that the person had a 7-Up can in the car that also contained crack cocaine.  Officer D'Augostine testified later that morning he identified a car matching that description with extremely dark tinted windows and pulled it over for a traffic stop.  When he approached the vehicle, he noticed that the occupant, later identified as the Defendant, was very nervous.  The officer also saw a white substance on the center console of the car.  He had the Defendant exit the car and then tested the white substance, which field-tested positive for cocaine base.  Officer D'Augostine then testified that he searched the car and found plastic bags containing white rock-like substances, which field tested positive for cocaine, and a 7-Up can that had a false bottom that contained white rock-like substances that tested positive for cocaine.  Officer D'Augostine testified that the total amount of crack cocaine that was found in Defendant's vehicle was approximately 400 grams.  Counsel for the Defendant submitted on the issue of probable cause, and the court found that there was probable cause.

    Counsel for the government, in further support of the government's request for pretrial detention, proffered the contents of the report prepared by the Pretrial Services Agency, which indicates that the Defendant tested positive for cocaine after his arrest; has three prior

United States v. Griffin                                                                                                           4

convictions, including two convictions for cocaine possession; and has been previously arrested nine times.

Through his counsel, Defendant proffered that he is a lifelong resident of the District of Columbia; is married and has two children; is currently employed and earns $1300 a week; and his wife is currently employed. Defendant's counsel also proffered that Defendant had successfully completed probation twice and is amenable to supervision.

## IV.  **FINDINGS OF FACT**

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community. First, the nature and circumstances of the offense charged indicate that the Defendant was actively engaged in the distribution of significant quantities of cocaine base.

Second, for the reasons offered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant is compelling.

Third, the Defendant's history and characteristics militate against pretrial release. Of particular significance is that Defendant has two prior convictions for cocaine possession.

Finally, the undersigned is satisfied that the toll which distribution of cocaine base has taken and continues to take upon this community is well-documented and need not be repeated here. The undersigned finds that the evidence of Defendant's significant involvement in the distribution of controlled substances demonstrates that his release would pose a danger to the community, and that he is not amenable to community supervision.

United States v. Griffin                                                                                                      5

The undersigned has carefully considered Defendant's proffer, and finds that while it is sufficient to rebut the presumption of fugitivity, it is insufficient to rebut the presumption of dangerousness. United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the July 16, 2007 Order of Detention.

_____
DEBORAH A. ROBINSON
United States Magistrate Judge

July 26, 2007
DATE

July 16, 2007
NUNC PRO TUNC